IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR111 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| BRANDON J. COLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's objections, Filing No. 34, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 31, concerning the defendant's motion to suppress statements and evidence, Filing No. 20. Count I of the Indictment charges defendant with knowingly receiving visual depictions and attempting to receive visual depictions involving minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252A(a)(2). Count II charges defendant with knowingly possessing computer files which contained images of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Count III charges defendant with forfeiture of his computers and hard drives in violation of 18 U.S.C. § 2253. Filing No. 1.

Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record and exhibits, including the transcript of the suppression hearing, Filing No. 30, (Tr."). The court agrees with the magistrate judge's recitation of the facts and of the law. The court finds the defendant's objections to the R&R should be overruled and the defendant's motion to suppress denied.

The Thurston County Sheriff's Department employed defendant as a deputy sheriff on October 7, 2008. On or about that date, officers of the Thurston County Sheriff's Department began an investigation regarding child pornography on the defendant's personal computer.[1] The Nebraska State Patrol assisted with this investigation. On October 7, 2008, defendant was asked to report to the office, on a day when he was not working, was questioned and asked if he would surrender his personal computer equipment. Defendant states that Officer Shelly Perez, a sergeant who reviewed and could discipline defendant, said: "Brandon, Brandon, Brandon. We need to get this straightened out. Are you willing to sign this consent form so they can look at the computer so we can get this whole mess straightened out?" (Tr. 69.) Cole then signed the consent to search forms for his two computers. The Nebraska State Patrol investigators examined the computer and equipment and discovered child pornography. According to defendant, the Nebraska State Patrol investigators asked incriminating questions and he gave incriminating answers. Thereafter, the Nebraska State Patrol obtained a search warrant for further search of the computers which led to confirmation of child pornography.

In his motion to suppress, defendant argued that the search of his personal property violated his Fourth Amendment rights. Further, defendant argued that the questioning of him by the Nebraska State Patrol violated his Fifth Amendment rights in violation of *Miranda v. Arizona*, 384 U.S 436 (1966).

The magistrate judge conducted evidentiary hearings on June 29, 2009, and on July 24, 2009. The court heard testimony that Sheriff Chris Kleinberg contacted Nebraska

---

[1] It appears that the defendant's roommate, Deputy Sergio Castillo, observed the child pornography and reported it to Sheriff Kleinberg.

State Patrol Investigator Kent Hanlin to report that the defendant had depictions of naked juvenile females on his computer and that the defendant sent naked pictures of himself to these same females.  On October 6, 2008, another deputy in the department showed Sheriff Kleinberg a photograph of defendant, in uniform with his genitals out, which was found on the computer of the deputy's nineteen-year-old daughter.  Sheriff Kleinberg then called the defendant into his office, and the defendant denied that he sent pictures to the deputy's daughter.  More information evolved, and another deputy saw pictures of juvenile girls on defendant's computer.  Sheriff Kleinberg again contacted Investigator Hanlin who asked that the sheriff attempt to obtain a consent-to-search form from the defendant.  The sheriff thereafter determined that a second computer existed at the defendant's residence. Sergeant Perez then told Sheriff Kleinberg that the defendant was willing to sign the two consent forms and had voluntarily given them the laptop computer.  Defendant signed the consent forms.  Investigator Hanlin and two other investigators appeared and received the consent forms.  They searched the computers and found images of young girls from the ages of three to twelve.

Investigator Hanlin then asked to speak to the defendant.  He told the defendant he was free to leave and not charged with anything or under arrest and that he did not have to answer any questions.  Investigator Hanlin then asked the defendant about the images on the computer, and the defendant said he did not know where the images came from. The defendant then admitted to downloading the images from LimeWire and admitted that he felt like the images were in fact illegal.  Investigator Hanlin left to talk with other officers. Thereafter, the defendant walked in and volunteered that he had other pictures that had come in over the Internet, although he was not sure how they got on his computer.

The magistrate judge first addressed the validity of the consent to search the computers and hard drives. The magistrate judge determined that the defendant gave consent to his superiors to search, that the atmosphere was not unduly coercive, that defendant was not intimidated, and that no promises or misrepresentations were made. The magistrate judge further determined the officers did not place the defendant under arrest or in custody and he was free to leave. In addition, the magistrate judge found that defendant received training regarding consent to search and his right to *Miranda* warnings, as a result of his law enforcement background. The court has reviewed the record and the law relied upon by the magistrate judge and finds his findings of fact and his legal analysis to be correct in all respects. Accordingly, the court will adopt the report and recommendation in this regard.

The magistrate judge next addressed the issue of the alleged custodial interrogation. The defendant moved to have his statements suppressed, as he argued his questioning was custodial. As a result, he contends his *Miranda* rights have been violated. The magistrate judge found, and this court agrees, that the testimony shows the defendant was not charged with anything, was not restrained, was not arrested, and was free to leave. The magistrate judge also found that the questioning did take place in a police-dominated atmosphere, but this occurred because the defendant worked there. Again, the magistrate judge found there existed no threats, intimidation, or false representations to the defendant. In addition, the defendant initiated some parts of the conversation after the interview ended and, in particular, the defendant volunteered that he downloaded some of the images onto his computer. The court has reviewed the record and the law relied upon by the magistrate judge and finds his findings of fact and his legal analysis to be

correct in all respects. Accordingly, the court will adopt the report and recommendation in this regard.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 20, is denied.

2. Defendant's objections to the magistrate judge's report and recommendation, Filing No. 34, are overruled.

3. The report and recommendation of the magistrate judge, Filing No. 31, is adopted in its entirety.

DATED this 1st day of October, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.